Labauve, J.
This suit is brought on the following instruments:
1 — “ $732. At Mr. Wm. Wells, April 14, 1863, I promise to pay on demand, to the order of Mr. or Mrs. Wells, seven hundred and thirty-two dollars, for value received.
(Signed) James Coybe.
Endorsed: James Coyle.
2 — “ $50. Due William Wells or Dearer fifty dollars, on demand.
(Signed) James Coybe.
Endorsed: Wm. Wells.”
The defendant answered by the peremptory exception of res judicata. “ That the matters alleged and demanded in the plaintiff’s petition, have been heretofore finally determined in favor of defendant by judgment of the said Sixth District Court, in the suit No. 11,152, entitled Alfred Marchand v. James Coyle, in which suit the same alleged indebtedness for the same cause was claimed from this defendant by said Marchand, the then holder of the note and due bill; that the judgment aforesaid is final as between the parties to this suit, and has in law the force of the thing adjudged. ”
The District Court sustained the plea, and gave judgment in favor of defendant, and the plaintiff appealed.
The plea of res judíenla must be tested by the pleadings and the judgment in the case of Marchand v. Coyle. There Marchand sued as- holder of said note and bill, under the endorsement of William Wells, and the said James Coyle pleaded the general issue, and admitted his signature; he averred that said note and due bill were void and of no effect in law, for this:
“Said pretended obligations were made and executed at Ponchatonla, in this State, then and now in the hostile possession of the enemies of the United States. That the same have been brought, contrary to law, within the jurisdiction of this Honorable Court, and that the payee thereof or his real or feigned assignee, the plaintiff, has no cause of action upon the same in this court, or any right to stand in judgment herein.” * * * The. balance net deemed important.
Upon that iReue, judgment was rendered dismissing the suit, at plain *397 tiff’s costs. The only issne there was, whether or not Marchand could maintain the suit and stand in judgment, and the question in the case at bar is, whether or not Williams Wells, the payee, can claim of the defendant the performance of his contract.
The plaintiff herein sues as payee, and in the former case Marchand sued as endorsee.
The cases present two different persons acting in different capacities.
We are of opinion that this ease does not come within Art. 2265 of the Civil Code.
It is therefore ordered and decreed, that the judgment appealed from be annulled and reversed. It is further ordered, that the plea of res judicata he overruled, and the case remanded to be tried according to law, the defendant and appellee to pay costs of appeal.